# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

QUINN MARCUS MCNEAL, #102215                            PLAINTIFF

VERSUS                                  CIVIL ACTION NO. 5:09-cv-94-DCB-MTP

JACQUELYN BANKS and RICKY JACKSON                   DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff McNeal, was an inmate of the Mississippi Department of Corrections when he filed this Complaint, on June 4, 2009, pursuant to 42 U.S.C. § 1983. The named defendants are Jacquelyn Banks, Warden at Wilkinson County Correctional Facility (WCCF); and Ricky Jackson, Chief of Security at WCCF.

On June 18, 2009, the Court entered an Order [7] directing Plaintiff to file a written response stating how each defendant violated his constitutional rights. Plaintiff filed his Response [9] on July 7, 2009. Plaintiff was released from incarceration on July 10, 2009. This Court entered an order [10], on July 28, 2009, which directed the Plaintiff to state if he wished to continue with this lawsuit since it appeared the bulk of his requested relief was granted when he was released from incarceration. On August 7, 2009, Plaintiff filed his Response [12], wherein he states that he wishes to continue with this case and he desires an evidentiary hearing.

Plaintiff alleges that MDOC policy and procedure was violated when he "informed both of the defendants" that there is "weed, powder, and cell phones down here at this facility." *Comp.* [1], p. 4. Plaintiff states that he advised Defendant Banks that some of her staff members were

"not taking care of" their "job responsibility." *Resp*. [9], p.1. Plaintiff further alleges that defendant Jackson was allowing "wrongful things [to] go on" at the prison. *Resp*. [9], p. 2. Plaintiff also claimed in his Response [9], filed prior to his release from incarceration, that he was being held unlawfully and could have already been released from incarceration if his house arrest time would have been properly credited to his sentence.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous[1] or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to the instant case.

After applying a liberal construction to Plaintiff's Complaint and Responses [7, 12], as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court finds as follows. Plaintiff's claims do not rise to the level of a constitutional violation.

The first inquiry in any civil rights action is whether the complainant has been deprived of federally protected right, without such deprivation relief is not available under 42 U.S.C. § 1983. *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *see also Victoria W. v. Larpentar*, 369 F.3d 475, 482 (5th Cir. 2004). The Plaintiff is not entitled to relief based on the Defendants alleged failure to follow department policy and procedure. The law is clear that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See*, *e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

process." *Stanley v. Foster,* 464 F.3d 565, 569 (5th Cir. 2006)(*citing Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996)).

Plaintiff's assertion that his rights were violated when Defendant Banks did not respond to his comments about employees under her supervision, to his satisfaction, does not rise to the level of a constitutional violation. Defendant Banks cannot be held liable in this suit for the actions of an employee under a *respondeat superior* theory of liability. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978) (supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983). Likewise, Defendant Jackson cannot be held liable in this suit for the actions of his subordinates. Therefore, Plaintiff is not entitled to relief based on his allegations that Defendant Jackson, as the chief of security, allowed "wrongful things [to] go on" at the prison. *Resp.* [9], p.2.

As stated above, Plaintiff was released from incarceration on July 10, 2009. Therefore, Plaintiff's request for release from incarceration is clearly moot. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)(holding habeas petition challenging prison disciplinary infraction moot after inmate's release); *Adair v. Dretke*, 150 Fed. App'x 329 (5th Cir. 2005)(appeal deemed moot and "found to have no continuing relevance" after inmate was released from incarceration). Furthermore, release from incarceration is not available as relief in a suit filed pursuant to 42 U.S.C. § 1983. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)(*citing Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994))(prisoner's claim attacking his current confinement and requesting release from incarceration is not properly pursued in a § 1983 conditions of confinement case); *see also*, *Preiser v. Rodriguez*, 411 U.S. 475 (1973)(habeas corpus provides the exclusive federal remedy available to state prisoners seeking speedier or immediate release from incarceration).

Conclusion

As discussed above, it is clear that Plaintiff's claims alleged in the instant civil action fail to rise to the level of a constitutional deprivation. Therefore, Plaintiff's complaint is without an arguable basis in law or fact. Consequently, this Complaint is dismissed with prejudice, as frivolous, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "strike."[2] If Plaintiff receives "three strikes" and he files a civil action or appeal while incarcerated, he will be denied *in forma pauperis* status and required to pay the full filing fee.

**SO ORDERED AND ADJUDGED** this the 10th day of November, 2009.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.